IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSEPH EDWARD POINDEXTER,       )
                                )
            Petitioner,          )
                                )
       v.                        )    1:09CV565
                                )
SYLVIA CHRISTOPHER, et al.,      )
                                )
            Respondents.         )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has filed a Habeas Petition, an Amended Petition, and an Addendum to the Petition. (Docket Entries 2, 4, 11.) Petitioner is currently housed in the Guilford County Detention Center after being brought there, pursuant to a detainer, from a federal prison where he was serving a lengthy sentence. He is charged in Guilford County with armed robbery, assault with a deadly weapon with intent to kill inflicting serious injury, and other charges. (Docket Entry 12, Ex. 1 at 6, 11.)

Respondents have filed two motions in opposition to Petitioner's claims. First, they have moved to dismiss all of the claims because of Petitioner's failure to exhaust his remedies in the state courts. (Docket Entry 14.) Second, they have filed a Motion to Remove Named Respondents, which seeks removal of all named respondents from the case because none of them serve as Petitioner's custodian. (Docket Entry 16.) Petitioner, who is proceeding pro se, was informed of his right to respond to these

motions. (Docket Entry 18.) However, he has not responded and the time for doing so has long passed.

## **Petitioner's Claims**

The initial Petition, which was received by the Court on July 24, 2009, sets out two claims for relief. First, Petitioner alleges that his rights under the Interstate Act on Detainers (IAD) were violated because he did not receive notice of a detainer lodged against him, because the State of North Carolina did not file an official detainer against him for some period of time, and because he was not tried within 180 days of being brought to Guilford County on the detainer. (Docket Entry 2, ¶ 5(A).) Petitioner also claims that his right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution has been violated because he requested a speedy trial in March and July of 2009, but did not receive a reply. (Id., ¶ 5(B).)

Petitioner later amended his Petition with the "Addendum," which repeats portions of his original claims and adds the following claims: (1) violation of Petitioner's rights to due process and equal protection because he has not been notified of continuances in his state criminal cases, (2) deliberate indifference, (3) denial of access to the courts because his motions have not yet been decided and he has not been provided with docket sheets, (4) violation of his rights under the Fifth Amendment of the United States Constitution, (5) malicious prosecution, and (6) violation of the Constitution's prohibition against double jeopardy because Petitioner is facing charges in

both the District and Superior Courts of North Carolina. (Docket Entry 11.)[1]

**Discussion**

Turning first to Respondents' Motion to Dismiss, they request dismissal based on Petitioner's failure to exhaust his state court remedies as to the claims he now raises in his Petition and Addendum. Petitioner brings claims under 28 U.S.C. § 2241, and perhaps the IAD. A petitioner proceeding in this fashion must exhaust his state court remedies. See, e.g., Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004)(noting that exhaustion requirement applies to petitions under § 2241); Kearns v. Turner, 837 F.2d 336, 338 (8th Cir. 1988) (requiring exhaustion of state remedies for IAD claims).

In order to exhaust his state court remedies, Petitioner must allow "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights" by "'"fairly present[ing]" his claim in each appropriate state court . . ., thereby alerting that court to the federal nature of the claim.'" Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010)(citing and quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). He must also "raise his claim before every available state court, including those courts . . . whose review is discretionary." Id. at 713 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999). By filing the Motion to Dismiss, Respondents have declined to waive the exhaustion requirement in this case.

---

[1] The Amended Petition added a respondent, but no new claims. (Docket Entry 4.)

-3-

In support of their exhaustion argument, Respondents have supplied Petitioner's entire criminal case file from Guilford County. It reveals that, on July 10, 2009, Petitioner agreed to be transferred to Guilford County from federal prison based on the detainer. (Docket Entry 12, Ex. 1 at 4.) The transfer occurred resulting in Petitioner's arrest on the state warrants on August 18, 2009. (Id. at 18.) His bond was set at $1,000,000 secured. (Id. at 17.)

Petitioner, acting pro se, subsequently filed several documents in the state courts, beginning on August 31, 2009, with a Motion to Dismiss Indictment For Vagueness and Improper Jurisdiction. (Id. at 41-48.) It sought dismissal based on certain points of state law and perhaps the United States Constitution, although these claims are difficult to understand. (Id.) On the same day, Petitioner also submitted a note addressed to the "Clerk of Court" seeking his future court dates (id. at 40), a Motion for Speedy Trial (id. at 37-40) and a Notice of Request for Arraignment With the Clerk of Superior Court (id. at 36). Next, on September 2, 2009, he filed a Motion for Discovery Pursuant to General Statute 15A-902. (Id. at 33-35.) Finally, Petitioner sent a letter dated September 21, 2009, addressed to the "Clerk of Court," alleging that he was being held "without Due Process and Equal Protection of law"; that he was scheduled to appear in court on September 17, 2009, but did not; that his case was being continued without him being present; and that he wanted

a docket sheet from his cases. (Id. at 21.) The record does not reflect that the state courts have ruled on Petitioner's motions.

Petitioner has not raised two of the claims in his instant Petition in the state courts in any fashion. Specifically, he has not mentioned deliberate indifference or malicious prosecution in his state court filings. He has also filed nothing in the state courts to protest the fact that his motions have not been decided. Certainly, any claims associated with these concepts have not been exhausted.[2]

Other claims have been mentioned only in Petitioner's final letter to the state court clerk's office, including Petitioner's claims of equal protection and due process violations[3] and his contention that he has been denied access to the courts because he has not been given docket sheets. (Id. at 21.) A court cannot be expected to rule on a claim or argument mentioned in a letter to a clerk's office.

The remainder of Petitioner's claims have been referenced in some way in one of his motions to the state courts, but have either not been fleshed out so that the state courts could possibly rule on them or have been raised in a manner different than they are being raised in this Court. Petitioner did refer to the IAD and its requirements in his Motion for a Speedy Trial. (Id. at 37-38.) However, he did not claim that his rights under that Act had been

---

[2] The Court does not suggest that any such claims exist or would ever provide a basis for federal habeas relief.

[3] Petitioner does mention equal protection and due process in his Motion for Discovery, but only "invokes" those rights while seeking discovery information; he does not claim a violation. (Docket Entry 12, Ex. 1 at 34.)

violated or attempt to pursue an IAD claim in the state courts. The same is true for his right to a speedy trial. Petitioner requested a speedy trial, but never claimed that his right to one was violated. (Id.) Therefore, he did not present the state court with the claim he now seeks to raise in this Court. Finally, Petitioner mentions a double jeopardy violation and the Fifth Amendment in his Motion to Dismiss the Indictment. (Id. at 41, 47.) However, the claims are not understandable. That motion also does not mention the argument raised in this Court, i.e., that Petitioner's rights are being violated because he faces charges in both the District and Superior Courts.

In the end, Petitioner has failed to properly raise, much less exhaust, any of the claims that he raises in his Petition and Addendum. Accordingly, Respondent's Motion to Dismiss the entire case for lack of exhaustion should be granted. Such action will moot Respondent's Motion to Remove the Named Respondents.

**IT IS THEREFORE RECOMMENDED** that Respondents' Motion to Dismiss (Docket Entry 14) be **GRANTED**, that Respondents' Motion to Remove Named Respondents (Docket Entry 16) be **DENIED** as moot, that the Habeas Petition, as amended, (Docket Entries 2, 4, 11) be **DENIED WITHOUT PREJUDICE** to Petitioner refiling it after exhausting his state court remedies, and that Judgment be entered **DISMISSING** this action.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 5, 2010